# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>MACY'S RETAIL HOLDINGS, INC.,<br><br>       Defendant. | C.A. No.  11-cv-01237-RGA<br><br>**JURY TRIAL DEMANDED** |

## MACY'S RETAIL HOLDINGS, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO THE AMENDED COMPLAINT

Defendant Macy's Retail Holdings, Inc. ("Macy's") responds to Plaintiff Round Rock Research, LLC's ("Round Rock" or "Plaintiff") Amended Complaint dated December 22, 2011. In response to all paragraphs of the Amended Complaint, Macy's denies each and every allegation except as expressly admitted herein. Macy's responds specifically to Plaintiff's averments as follows:

## THE PARTIES

1. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint, and therefore, denies the same.

2. In response to paragraph 2 of the Amended Complaint, Macy's Retail Holdings, Inc. (which was substituted in for Macy's, Inc. on February 7, 2012) admits that it is a New York Corporation with a principal place of business at 7 West Seventh Street, Cincinnati, Ohio 45202.

## NATURE OF THE ACTION

3. In response to paragraph 3 of the Amended Complaint, Macy's admits that this action purports to arise from the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

4. Macy's admits paragraph 4 of the Amended Complaint.

5. In response to paragraph 5 of the Amended Complaint, Macy's admits that it transacts business within the State of Delaware. Macy's further admits that venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Macy's denies that it has committed any acts of infringement in this or any judicial district. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 5 of the Amended Complaint and therefore, denies the same.

## PATENTS-IN-SUIT

6. In response to paragraph 6 of the Amended Complaint, Macy's admits that on the face of U.S. Patent No. 5,500,650 ("the '650 Patent"), it states the title, "Data Communication Method Using Identification Protocol," and states that it issued on March 19, 1996. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 6 of the Amended Complaint and therefore, denies the same.

7. In response to paragraph 7 of the Amended Complaint, Macy's admits that on the face of U.S. Patent No. 5,627,544 ("the '544 Patent"), it states the title, "Data Communication Method Using Identification Protocol," and states that it issued on May 6, 1997. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 7 of the Amended Complaint and therefore, denies the same.

8. In response to paragraph 8 of the Amended Complaint, Macy's admits that on the face of U.S. Patent No. 5,974,078 ("the '078 Patent"), it states the title, "Modulated Spread Spectrum In RF Identification Systems Method," and states that it issued on October 26, 1999. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 8 of the Amended Complaint and therefore, denies the same.

9. In response to paragraph 9 of the Amended Complaint, Macy's admits that on the face of U.S. Patent No. 6,459,726 ("the '726 Patent"), it states the title, "Backscatter Interrogators, Communication Systems And Backscatter Communication Methods," and states that it issued on October 1, 2002. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 9 of the Amended Complaint and therefore, denies the same.

10. In response to paragraph 10 of the Amended Complaint, Macy's admits that on the face of U.S. Patent No. RE41,531 ("the '531 Patent"), it states the title, "Communications Systems For Radio Frequency Identification (RFID)," and states that it issued on August 17, 2010. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 10 of the Amended Complaint and therefore, denies the same.

11. In response to paragraph 11 of the Amended Complaint, Macy's admits that the '650 Patent, the '544 Patent, the '078 Patent, the '726 Patent, and the '531 Patent are identified by the Plaintiff as the patents-in-suit in the Amended Complaint.

12. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint and therefore, denies the same.

## COUNT 1
**(Infringement of the '650 Patent)**

13. Macy's incorporates by reference and realleges the answers of paragraphs 1-12 of its Answer.

14. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint and therefore, denies the same.

15. Macy's denies each and every allegation contained in paragraph 15 of the Amended Complaint.

16. In response to paragraph 16 of the Amended Complaint, Macy's admits that it received a letter from Round Rock dated November 15, 2011 which referred to the '650 Patent. Macy's denies the remaining allegations contained in paragraph 16 of the Amended Complaint.

17. Macy's denies each and every allegation contained in paragraph 17 of the Amended Complaint.

18. Macy's denies each and every allegation contained in paragraph 18 of the Amended Complaint.

19. Macy's denies each and every allegation contained in paragraph 19 of the Amended Complaint.

## COUNT II
**(Infringement of the '544 Patent)**

20. Macy's incorporates by reference and realleges the answers of paragraphs 1-19 of their Answer.

21. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph 21 of the Amended Complaint and therefore, denies the same.

22. Macy's denies each and every allegation contained in paragraph 22 of the Amended Complaint.

23. In response to paragraph 23 of the Amended Complaint, Macy's admits that it received a letter from Round Rock dated November 15, 2011 which referred to the '544 Patent. Macy's denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Macy's denies each and every allegation contained in paragraph 24 of the Amended Complaint.

25. Macy's denies each and every allegation contained in paragraph 25 of the Amended Complaint.

26. Macy's denies each and every allegation contained in paragraph 26 of the Amended Complaint.

## COUNT III
### (Infringement of the '078 Patent)

27. Macy's incorporates by reference and realleges the answers of paragraphs 1-26 of their Answer.

28. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph 28 of the Amended Complaint and therefore, denies the same.

29. Macy's denies each and every allegation contained in paragraph 29 of the Amended Complaint.

30. In response to paragraph 30 of the Amended Complaint, Macy's admits that it received a letter from Round Rock dated December 15, 2010 which referred to the '078 Patent. Macy's denies the remaining allegations contained in paragraph 30 of the Amended Complaint.

31. Macy's denies each and every allegation contained in paragraph 31 of the Amended Complaint.

32. Macy's denies each and every allegation contained in paragraph 32 of the Amended Complaint.

33. Macy's denies each and every allegation contained in paragraph 33 of the Amended Complaint.

## COUNT IV
### (Infringement of the '726 Patent)

34. Macy's incorporates by reference and realleges the answers of paragraphs 1-33 of their Answer.

35. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph 35 of the Amended Complaint and therefore, denies the same.

36. Macy's denies each and every allegation contained in paragraph 36 of the Amended Complaint.

37. In response to paragraph 37 of the Amended Complaint, Macy's admits that it received a letter from Round Rock dated November 15, 2011 which referred to the '726 Patent. Macy's denies the remaining allegations contained in paragraph 37 of the Amended Complaint.

38. Macy's denies each and every allegation contained in paragraph 38 of the Amended Complaint.

39. Macy's denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Macy's denies each and every allegation contained in paragraph 40 of the Amended Complaint.

## COUNT V
**(Infringement of the '531 Patent)**

41. Macy's incorporates by reference and realleges the answers of paragraphs 1-40 of their Answer.

42. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph 42 of the Amended Complaint and therefore, denies the same.

43. Macy's denies each and every allegation contained in paragraph 43 of the Amended Complaint.

44. In response to paragraph 44 of the Amended Complaint, Macy's admits that it received a letter from Round Rock dated November 15, 2011 which referred to the '531 Patent. Macy's denies the remaining allegations contained in paragraph 44 of the Amended Complaint.

45. Macy's denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Macy's denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47. Macy's denies each and every allegation contained in paragraph 47 of the Amended Complaint.

## Demand For Jury Trial

Macy's also demands a trial by Jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEFENSES

Macy's asserts the following defenses to the Amended Complaint:

### First Defense

48.     Plaintiff fails to state any claims against Macy's on which relief may be granted.

### Second Defense

49.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands and/or waiver.

### Third Defense

50.     Macy's has not infringed, nor is it infringing any of the asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

### Fourth Defense

51.     The asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent are invalid and unenforceable for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fifth Defense

52.     Upon information and belief, Plaintiff's claims for damages for any alleged infringement are barred, in whole or in part, because Plaintiff failed to satisfy the requirements of 35 U.S.C. §§ 286, 287 or 288.

### COUNTERCLAIMS

For its Counterclaims, Macy's claims and alleges upon Plaintiff as follows:

1.     Macy's incorporates by reference paragraphs 1-52 of its Answer and Defenses.

2.     These Counterclaims are asserted under Rule 13 of the Federal Rules of Civil Procedure, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This

Court has jurisdiction over the subject matter of the Counterclaims, pursuant to 28 U.S.C. §§ 1338(a) and 2201. Venue is based on 28 U.S.C. §§ 1391 and 1400.

3. Macy's Retail Holdings, Inc. ("Macy's") is a New York Corporation with a principal place of business at 7 West Seventh Street, Cincinnati, Ohio 45202.

4. Upon information and belief, Round Rock Research, LLC ("Round Rock") is a Delaware Limited Liability Company with its principal place of business at 26 Deer Creek Lane, Mount Kisco, New York 10549.

5. The Court has personal jurisdiction over Round Rock by virtue of its affirmative suit in this District.

6. In its Amended Complaint, Round Rock charges Macy's with direct infringement of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent.

7. Round Rock has asserted to hold all rights, title, and interest in the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent.

## COUNT I
**(Declaratory Judgment of Non-infringement)**

8. Macy's incorporates by reference, paragraphs 1-7 of its Counterclaims.

9. An actual controversy exists between Round Rock and Macy's as to the alleged infringement of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent.

10. Macy's has not infringed, nor is it infringing, any of the asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

## COUNT II
**(Declaratory Judgment of Invalidity)**

11. Macy's incorporates by reference, paragraphs 1 through 10 of its Counterclaims.

12. An actual controversy exists between Round Rock and Macy's as to the validity of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent.

13. The asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## **JURY DEMAND**

Macy's demands a trial by jury on its Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, Macy's respectfully requests that this Court enter:

(a) judgment that Round Rock takes nothing by its Amended Complaint and dismiss the same with prejudice;

(b) judgment that the asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent are invalid;

(c) judgment that Macy's has not infringed, nor is it infringing, either directly or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents, any of the asserted claims of the '650 Patent, '544 Patent, '078 Patent, '726 Patent, and '531 Patent;

(d) judgment in favor of Macy's that this is an exceptional case and awarding Macy's its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(e) an award for any other further relief as this Court may deem just and proper.

Dated: February 13, 2012

      */s/  Kenneth L. Dorsney*
      Kenneth L. Dorsney (I.D. #3726)
      MORRIS JAMES LLP
      500 Delaware Avenue, Suite 1500
      Wilmington, Delaware 19801-1494
      (302) 888-6855
      kdorsney@morrisjames.com

      *Of Counsel:*

      Anthony F. Lo Cicero (*Admitted Pro Hac Vice*)
      Richard S. Mandaro (*Admitted Pro Hac Vice*)
      AMSTER ROTHSTEIN & EBENSTEIN LLP
      90 Park Avenue
      New York, New York 10016
      (212) 336-8000
      alocicero@arelaw.com

      *Attorneys for Defendant*
      *Macy's Retail Holdings, Inc.*