# SHAW KELLER LLP

John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

March 26, 2012

**BY CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
United States District Court
844 North King Street
Wilmington, DE  19801

    Re:    *Round Rock Research, LLC v. Dole Food Corporation*,
           C.A. No. 11-1239-RGA
         *Round Rock Research, LLC v. Macy's Retail Holdings, Inc.*,
           C.A. No. 11-1237-RGA
         *Round Rock Research, LLC v. American Apparel, Inc.*,
           C.A. No. 11-1238-RGA
         *Round Rock Research, LLC v. The Gap, Inc.*,
           C.A. No. 11-1241-RGA
         *Round Rock Research, LLC v. Hanesbrands Inc.*,
           C.A. No. 11-1242-RGA
         *Round Rock Research, LLC v. J.C. Penney Corporation, Inc.*,
           C.A. No. 11-1243-RGA
         *Round Rock Research, LLC v. Pepsico, Inc.*,
           C.A. No. 11-1244-RGA
         *Round Rock Research, LLC v. V.F. Corporation*,
           C.A. No. 11-1245-RGA
         *Round Rock Research, LLC v. Amazon.com, Inc.*,
           C.A. No. 11-1279-RGA
         *Round Rock Research, LLC v. Fruit of the Loom, Inc.*,
           C.A. No. 11-1240-RGA

Dear Judge Andrews:

      We represent Dole Food Corporation ("Dole"), and we write on behalf of the defendants in Civil Action Nos. 11-1237-RGA (Macy's Retail Holdings, Inc.), 11-1238-RGA (American Apparel, Inc.), 11-1241-RGA (The Gap, Inc.), 11-1242-RGA (Hanesbrands Inc.), 11-1243-RGA (J.C. Penney Corporation, Inc.), 11-1244-RGA (Pepsico, Inc.), 11-1245-RGA (V.F. Corporation), and 11-1279-RGA (Amazon.com, Inc.) (collectively, the "Defendants").  The purpose of this letter is to request – based on information the plaintiff first conveyed during a Federal Rule of Civil Procedure 26(f) meeting last Friday afternoon – a continuance of the Scheduling Conference now set for this Wednesday, March 28, 2012, at 1:00 p.m.

      By way of brief background, the plaintiff's lawsuits against Dole, Macy's Retail Holdings, Inc., American Apparel, Inc., The Gap, Inc., Hanesbrands Inc., J.C. Penney Corporation, Inc., Pepsico, Inc., and V.F. Corporation each asserted five patents, from five different patent families, with 189 total claims, and with 10 different inventors between them.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 2

Plaintiff's complaint against Amazon.com, Inc. asserted six additional patents with 248 additional claims and eight additional inventors.

On February 21, 2012, the Court set the Scheduling Conference for March 28, 2012. On March 14, 2012, plaintiff sent Defendants a proposed scheduling order, including proposals for a maximum of 70 hours of depositions to be shared across all nine civil actions and for a five day common trial. Because the Court set a common Scheduling Conference across these nine actions, defendants worked together to formulate a discovery plan to accommodate the breadth of the original five patents asserted by the plaintiffs. The parties agreed to conduct the Rule 26(f) conference at 3:00 p.m. on Friday, March 23, 2012.

Shortly after the Rule 26(f) conference began, plaintiff informed the participating defendants that it would soon be seeking consent to amend the complaints in each of these actions to add five additional patents. Plaintiff further indicated that these five patents are the same five patents asserted 3 days earlier in a new action plaintiff had filed against Wal-Mart Stores, Inc. (C.A. No. 12-62-UNA).[1] These five new patents include 227 claims and have five additional inventors, along with five inventors in common with the originally asserted patents.

Because the defendants had planned their proposed schedule based on their understanding that they were defending a five patent/ten inventor case, and because the addition of five more patents would materially impact the nature and scope of their proposed schedule, the Rule 26(f) conference then adjourned. Within the hour, plaintiff began sending e-mails asking each defendant for consent to an amended complaint to add these five new patents.[2]

Based on these changed circumstances, the Defendants respectfully request the Court to adjourn the Scheduling Conference until plaintiff's desired amendments are resolved and the pleadings are settled. Defendants make this request for three reasons:

First, the starkest differences between the parties' proposed schedules were driven by the parties' differences in views as to how the five patents, 189 claims, and ten inventors, along with the six patents asserted only against Amazon.com, Inc., impact deposition limits, the claim construction process, and trial. The five new patents – if plaintiff is permitted to add them to the case – include an additional 227 claims and five more inventors. The Defendants respectfully submit that adjourning the Scheduling Conference until plaintiff's proposed amendments are addressed will provide the Defendants with the time needed to assess the impact of the additional patents on discovery limits, claim construction, and trial, and to determine whether additional prior art searches may be necessary. Adjourning the Scheduling Conference also will provide the parties with the time needed to meet and confer about how the additional patents – if added by consent or court order – should be addressed in a Rule 16 Scheduling Order.

---

[1] Plaintiff also asserted against Wal-Mart Stores the same five patents currently asserted against the parties joining this letter.

[2] The five patents listed by plaintiff in these emails included one of the patents already asserted against each defendant. Based on the Rule 26(f) meeting, we assume this was an error.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 3

      Second, Defendants respectfully submit that adjourning the Scheduling Conference will aid the parties and the Court in assessing how to treat plaintiff's additional five patents. We have already determined that four of these five additional patents are subject to reexamination proceedings at the United States Patent & Trademark Office. A third-party RFID manufacturer initiated those proceedings months ago, and the reexamination petitions were expeditiously granted. Several independent claims stand rejected after first office actions, and additional requests for reexamination may be filed for any claims not currently subject to reexamination. As a result, at least Dole currently intends to oppose amendment on grounds that the reexamination proceedings should be completed before plaintiff is permitted to initiate duplicate, parallel proceedings concerning the same patents being considered at the Patent Office.

      Third, we respectfully submit that the reasons articulated by Motorola Solutions, Inc. in its letter of March 23, 2012 (docketed separately in each of these actions), continue to warrant postponement of the Scheduling Conference.

      On a related matter, Fruit of the Loom, Inc. (C.A. No. 11-1240-RGA) has authorized us to inform the Court that the hearing on its motion to dismiss, presently set for 10:00 a.m. on March 28, 2012, could either go forward on that date, or be adjourned for a later date if the Court adjourns the Scheduling Conference.

                                                   Respectfully submitted,

                                                    */s/ John W. Shaw*

                                                  John W. Shaw (No. 3362)

cc:    Clerk of the Court (by hand delivery)
          All Counsel of Record (by CM/ECF & e-mail)