

March 26, 2012

**Via E-Filing**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 2325
Wilmington, DE 19801-3555

Re:  *Round Rock Research, LLC v. Macy's Retail Holdings, Inc.* (C.A. No. 11-cv-1237-RGA)
*Round Rock Research, LLC v. American Apparel, Inc.* (C.A. No. 11-cv-1238-RGA)
*Round Rock Research, LLC v. Dole Food Company, Inc.* (C.A. No. 11-cv-1239-RGA)
*Round Rock Research, LLC v. The Gap, Inc.* (C.A. No. 11-cv-1241-RGA)
*Round Rock Research, LLC v. Hanesbrands Inc.* (C.A. No. 11-cv-1242-RGA)
*Round Rock Research, LLC v. J.C. Penney Corp., Inc.* (C.A. No. 11-cv-1243-RGA)
*Round Rock Research, LLC. v. Pepsico, Inc.* (C.A. No. 11-cv-1244-RGA)
*Round Rock Research, LLC v. V.F. Corporation* (C.A. No. 11-cv-1245-RGA)
*Round Rock Research, LLC v. Amazon.com, Inc.* (C.A. No. 11-cv-1279-RGA)
*Round Rock Research, LLC v. Wal-Mart Stores, Inc.* (C.A. No. 12-cv-362-UNA)
*Motorola Solutions, Inc. v. Round Rock Research, LLC* (C.A. No. 12-cv-309-RGA)

Dear Judge Andrews:

I write on behalf of Round Rock Research, LLC ("Round Rock") in response to the letters submitted by Motorola Solutions, Inc. ("MSI") and Dole Food Corp. ("Dole"), on behalf of a number of defendants, requesting adjournment of the upcoming March 28 scheduling conference.

Round Rock proposes that the scheduling conference proceed as scheduled, at least to address initial discovery pertinent to finalizing the pleadings in these actions.  One issue particular to these cases is ensuring that all appropriate parties are joined in each action.  For example, Round Rock brought its actions against the primary infringers, such as Dole, that extensively use Round Rock's patented RFID technology as part of their business operations. But because these companies' use of Round Rock's patented technology is largely internal, Round Rock cannot accurately ascertain the exact identify of all the suppliers, manufactures, and customers of the RFID technology without discovery.  It may be appropriate to join some or all of these suppliers, manufacturers, and customers to these cases to ensure complete resolution of Round Rock's claims.

Motorola's recent joining of the dispute illustrates the issue.  Motorola brought duplicative claims to those already at issue in the earlier-filed cases, but the exact defendants to which Motorola supplies RFID products is not clear, as Motorola withheld that information from

The Honorable Richard G. Andrews
Page 2
March 26, 2012

its pleading. Accordingly, while Motorola's claims should likely be consolidated with one or more of the other RFID cases, there is no way to ascertain exactly how these cases should be structured without initial discovery.

Accordingly, while Round Rock agrees that the parties should coordinate discovery in these related cases, Round Rock believes that the most efficient way to do so is beginning discovery so that the exact identity of the suppliers, manufacturers, and customers of each RFID product can be ascertained. This will allow the Court and parties to meaningfully consider consolidation and coordination issues, and ensure that all appropriate parties are joined in these actions. Round Rock thus suggests that an early scheduling conference may be beneficial to address these issues. Round Rock's request to add five additional RFID patents should not impact these discovery issues, as the same infringing activities and products are at issue.

> Respectfully submitted,
>
> /s/ Brian E. Farnan
>
> Brian E. Farnan (Bar No. 4089)

cc: Counsel for all parties (via ECF)